**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alexander Alter, | No. CV-25-01713-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Gibbs, | |
| Defendant. | |

At issue is *pro se* Plaintiff David Alexander Alter's Motion to Strike Defendant's Response and Amended Complaint (Doc. 32, Mot.), to which Defendant Sean Gibbs responded (Doc. 35, Resp.). Plaintiff filed no reply memorandum and the time to do so has passed. *See* LRCiv 7.2(d). For the reasons set forth below, the Court will deny the Motion.

First, a party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff purports to amend his Complaint by filing the present Motion sixty-five days after Defendant's responsive pleading (Doc. 23). The 21-day period in which Plaintiff could have amended his Complaint as a matter of course has long passed, and Plaintiff failed to request leave of this Court or to obtain Defendant's consent before filing the amendment. Therefore, any purported amendment filed by Plaintiff is improper.

. . .

Second, under order of this Court, a party must meet and confer with the opposing party prior to filing a motion to strike under Federal Rule of Civil Procedure 12(f) and separately file a Certification of Conferral alongside the motion. (Doc. 17, Order.) This requirement is meant to inspire collaboration among parties and avoid unnecessary motion practice if a pleading defect can be cured. Here, Plaintiff moves "to strike the Defendant's improper filings . . . pursuant to Rule 12(f)[1] of the Federal Rules of Civil Procedure . . ." (Mot. at 1.) The "improper filings" to which Plaintiff refers are also typified as "Defendant's Response," "submissions," "evidence," "records," and even initial disclosure documents,[2] but Plaintiff makes no document citations. (*See* Mot. at 1–4.) No matter what these vague "improper filings" are, Plaintiff's request to strike is improper for failure to comply with this Court's standing order to meet and confer. (*See* Order.)

Lastly, the Court notes that it considers and takes seriously every motion made by a litigant appearing before it. Plaintiff's contention that "[t]he judge doesn't care about it" so Plaintiff will not "waste 1oz of [his] time [] [d]oing anything about the motion[]" (Resp. at 5), is the kind of outlook that could result, as it has done here already, in multiple improper filings that encumber this Court's ability to "secure just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Even though Plaintiff is *pro se*, he is still expected to abide by the rules and orders of this Court that include ensuring a filing complies with the procedural requirements addressed herein. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008–09 (9th Cir. 1986) ("Although pro se, [the plaintiff] is expected to abide by the rules of the court in which he litigates.").

. . .

. . .

. . .

. . .

---

[1] Plaintiff sets forth no other basis, whether in statute, rule, or order, that authorizes his request to strike Defendant's filings. *See* LRCiv 7.2(m) ("[A] motion to strike may be filed only if it is authorized . . .").

[2] When appearing at the October 7, 2025 Conference, Plaintiff indicated to the Court that he was referring to Defendant's initial disclosure in the present Motion to Strike Defendant's Response and Amended Complaint.

1    **IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Strike Defendant's

2   Response and Amended Complaint (Doc. 32).

3    Dated this 20th day of October, 2025.

4

5    Honorable John J. Tuchi
     United States District Judge