**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Alexander Alter,<br><br>        Plaintiff,<br><br>v.<br><br>Sean Gibbs,<br><br>        Defendant. | No. CV-25-01713-PHX-JJT<br><br>**ORDER** |

Before the Court are the parties' competing summary judgment motions. (Docs. 59, 60.) Upon review, the Court grants summary judgment in Defendant Sean Gibbs' favor.

**I.   BACKGROUND**

Plaintiff David Alexander Alter, proceeding *pro se*, sued Defendant in his individual capacity for directing the exclusion of Plaintiff from state court facilities and law library services. (Doc. 55-1 ¶¶ 8–19.) He brought two claims under 42 U.S.C. § 1983 asserting violations of his Fourteenth Amendment right to due process prior to his exclusion and First Amendment right to access the courts. (*Id.* ¶¶ 23–29.)

On December 30, 2025, Plaintiff filed his partial summary judgment motion.[1] (Doc. 59.) Defendant responded to Plaintiff's motion and cross-moved for summary judgment as to all claims. (Doc. 60, 61.) The next day, the Court entered an Order advising Plaintiff that "Defendant's Motion will be summarily granted if Plaintiff fails to respond" pursuant to Local Rule of Civil Procedure 7.2(i). (Doc. 62.) Sixty-one days have passed since

---

[1] While not clearly titled as such, Plaintiff expressly states that, in filing the document, he "moves for partial summary judgment." (Doc. 59 at 2.)

Plaintiff's deadline to file a response to Defendant's Cross-Motion. The Court deems Plaintiff's silence as consent to summarily disposing of the Cross-Motion and the Court now evaluates it on its merits. *Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013). While Plaintiff did not separately respond to the Cross-Motion, his arguments, statement of facts, and evidence raised in his preceding motion for partial summary judgment are relevant to the Cross-Motion, so the Court considers them in that context.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). As the moving party, Defendant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When, as here, the moving party does not bear the ultimate burden of proof, Defendant "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party does so, the nonmoving party must produce evidence to support its claim or defense. *Id*. at 1103. In considering a motion for summary judgment, the court must regard as true the nonmoving party's evidence if it is supported by affidavits or other evidentiary material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The nonmoving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57.

## III.    ANALYSIS

It is undisputed that Plaintiff caused twenty disturbances in or around the Arizona Superior Court for Maricopa County in downtown Phoenix, many of which led to his

temporary expulsion from the premises and eventually culminated in Defendant's instruction to court security to deny Plaintiff physical entry to the court facility unless he had a court hearing. (Doc. 61 ¶¶ 11–19; *see also* Doc. 59 at 2 (Plaintiff conceding that he "does not dispute incident reports, staff complaints, or allegations of disruptive conduct")).) It is also undisputed that Plaintiff could physically access the courthouse to attend hearings set in matters that he was involved in and could physically file documents or commence new actions by dropping off papers at an exterior drop box. (Doc. 61 ¶¶ 19–21.)

The First Amendment provides a constitutional right to petition the government for a redress of grievances, which includes a "reasonable right of access to the courts." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). There are several constitutionally acceptable methods to assure meaningful access to the courts, such as providing access to a law library. But law library access is just one of those methods, and there are "alternative means to achieve that goal." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Moore v. Bd. of Trs. of Yakima Cnty. Libr.*, 268 F. App'x 669, 671 (9th Cir. 2008) (affirming dismissal of a First Amendment claim based on denial of access to a county law library). If a person's access to a courthouse disrupts or threatens others, administrative personnel may restrict that person's access so long as it is reasonable and viewpoint-neutral. *Mead v. Gordon*, 583 F. Supp. 2d 1231, 1243 (D. Or. 2008) (holding that when a state actor "impair[s] an individual's First Amendment right of access to court proceedings . . . the restriction must be reasonable and viewpoint neutral") (*citing Sammartano v. First Jud. Dist. Ct.*, 303 F.3d 959, 966 (9th Cir. 2002), *abrogated on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)); *see also Matter of Jordan*, No. 2:23-MC-00154-PSG, 2023 WL 12056750, at *5 (C.D. Cal. Nov. 8, 2023) (collecting cases in which court personnel restricted access to a courthouse based on a person's disruptive or abusive conduct).

Plaintiff presents no evidence[2] or legal authority to support that the restrictions on his physical access to the courthouse and law library "frustrates [Plaintiff] in preparing and

---

[2] Plaintiff presents the bulletin issued by Defendant that set forth the restrictions, Defendant's email to court personnel regarding the same, and interparty email correspondence regarding reports of the twenty incidences. (Doc 59 at 12–19). Even regarding that evidence as true, *Anderson*, 477 U.S. at 255, it does not establish or support

filing suits at the present time," *Christopher v. Harbury*, 536 U.S. 403, 413 (2002), because it is undisputed that he could physically file documents, commence new actions, and enter the courthouse to attend hearings in his active matters. Even if those restrictions did infringe upon his First Amendment right, which they do not, there is no evidence, argument, or citation to legal authority from Plaintiff that those restrictions were unreasonable or not viewpoint-neutral. The restrictions placed on Plaintiff's physical access to the courthouse and law library did not, as a matter of law, violate Plaintiff's First Amendment rights.

As to Plaintiff's Fourteenth Amendment claim, the "there is no constitutionally protected liberty interest in unrestricted access to a courthouse." *See Schultz v. San Joaquin Cnty. Sheriff's Dep't*, No. 2:19-CV-02468-DAD-KJN, 2024 WL 35992, at *6 (E.D. Cal. Jan. 3, 2024) (collecting cases), *appeal dismissed*, 2024 WL 5397243 (9th Cir. Aug. 13, 2024). And while state law may create property interests that warrant due process protections, *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), Plaintiff cites no state law that creates a property interest in physical access to a courthouse or law library, and this Court is aware of none. Plaintiff was not entitled, as a matter of law, to notice or have an opportunity to be heard before he was denied unfettered physical access to the courthouse or law library.

## IV.    CONCLUSION

Plaintiff having failed to produce evidence or cite legal authority that support his § 1983 claims, Defendant is entitled to summary judgment as a matter of law. While briefed by the parties, the Court need not address whether qualified immunity would immunized Defendant's actions as there are sufficient and independent grounds that warrant summary judgment here.

**IT IS ORDERED** denying Plaintiff's motion for partial summary judgment titled "Establishing Personal Liability of Defendant Sean Gibbs, Declaring Qualified Immunity Unavailable, and Limiting and Expediting Discovery to Damages and Causation (Doc. 59).

that Plaintiff was restricted from meaningful access to the courthouse.

- 4 -

**IT IS FURTHER ORDERED** granting Defendant's Cross-Motion for Summary Judgment (Doc. 60).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in Defendant's favor and close this case.

Dated this 29th day of April, 2026.

Honorable John J. Tuchi
United States District Judge